Crew, C. J.
The essential facts of this . case are not in dispute, and so far as they are perti *318 nent to the present inquiry, are: that on November 14, 1902, Fred. Kraus, by deed of voluntary assignment for the benefit of creditors, conveyed all of his property, except such as was by law exempt from execution, to one D. V. Green, as his assignee. On the following day, November 15, 1902, said deed of assignment was filed with the court of insolvency of Cuyahoga county, and thereupon said assignee duly qualified and took possession of all of the assignor’s property, which was of the appraised value of eight hundred and twenty-nine dollars and thirty-two cents, and consisted of personal property only. In said deed of assignment the assignor, in express terms, excepted and reserved therefrom “such property as is by law exempt from execution.” At the time of said assignment, the assignor, Fred. Kraus, was a resident of the state of Ohio, a married man living with his family, and neither he nor his wife was the owner of a homestead. On the day of the assignment the assignor demanded of the assignee his exemption in lieu of a homestead, and again within a few days thereafter he made a second demand therefor. Both these demands, which were orally made, were at the time disregarded and ignored by the assignee, and Kraus was told he would have to wait until the property was sold, and neither said assignee, nor the appraisers appointed by the court to appraise the property assigned, allowed or set off to said assignor before sale any property as and for his exemption in lieu of a homestead. Thereafter, the assignee, by .order of the insolvency court, sold all of said property at private sale for the *319 sum of eight hundred and fifty dollars. Shortly after said sale and before the distribution of any part of the proceeds thereof, the assignor, Fred. Kraus, filed in said insolvency court, his formal written demand and application asking that said assignee be required to set apart and pay to him five hundred dollars as his exemption in lieu of a homestead. This application was, on March 31, 1903, granted by the court and said assignee, out of the money in his hands, was ordered to pay to said assignor the sum of five hundred dollars, which he did. Thereafter, on September 16, 1903, D. V. Green, as assignee, filed in said court of insolvency his first partial account, and in said account credited himself with the five hundred dollars so paid by order of the court to said Fred. Kraus, assignor. To this account exceptions were filed by Israel Bialosky, an attachment creditor, who excepted, among other things, to this item of five hundred dollars paid by the assignee to said Fred. Kraus as and for his exemption in lieu of a homestead. On the hearing of said exceptions the court of insolvency found and adjudged that the order of said court theretofore made, directing' the assignee to pay over to the assignor said sum of five hundred dollars in lieu of his homestead exemption, was made without notice to said creditor, Israel Bialosky, and was void. The court also further found and adjudged that the assignor not having made selection and had set off to him before sale, specific personal property to the value of five hundred dollars in lieu of his homestead exemption, forfeited his right to such exemption and was not entitled to receive *320 said sum of five hundred dollars out of the proceeds of the sale of said property;- and thereupon the court sustained said exception and charged, said assignee in his account with the five, hundred dollars so paid to Kraus, assignor, and ordered the assignee to account for the same as money in his hands subject to distribution among the creditors of the estate of said assignor. On appeal to the court of common pleas a like judgment was rendered by that court, and this latter judgement was subsequently affirmed by the circuit court. To obtain a reversal of these judgments the present proceeding in error is prosecuted by D. Y Green, assignee. The judgment of affirmance by the circuit court was erroneous, and should be reversed, unless upon the facts above stated the court of common pleas was right in its conclusion of law that the failure of Kraus, the assignor, to make selection, and to actually have set off to him before sale property to the amount and value of five hundred dollars, was a waiver or abandonment of his right to thereafter demand or have such exemption out of the proceeds arising from the sale of the assigned property. While it is undoubtedly the law in Ohio that the statutory right to hold exempt from levy and sale in lieu of a homestead real or personal property not exceeding' five hundred dollars in value, is a personal privilege that may be waived by the person entitled to exercise such right, by his voluntary and intentional failure or neglect to make his demand and selection at- the proper time, or in a reasonable manner, yet this court has uniformly held, -that the right to exemption being a valuable *321 right, and one grounded upon the principles of a' wise and humane public policy, that the statutes granting exemptions should be liberally, construed, and that no mere technicality should be permitted to defeat the right. In the present case the right of Kraus, assignor, to his statutory exemption in lieu of a homestead, unless waived or abandoned, is not controverted; and that he never knowingly or intentionally ■ waived or abandoned such right is, we think, clearly shown and established by the undisputed facts as they appear of record in this case. In his deed of assignment, while unnecessary for him so to do, Kraus, assignor, expressly reserved his exemption. Thereafter, and before sale, he twice made demand for his exemption of Green, assignee, and was told by the latter: “I have no money, you will have to wait till I sell the stock and the court makes an order, then I will pay you your exemption.” Green, the assignee, testifies, that when Kraus demanded his exemption, “I said to him I could not do it, I could not do anything until I got an order from the court, and when everything was disposed of then I could pay him the money, provided the court made me do so, that is what I told him.” Thus, in effect, Kraus was, at the time he demanded his . exemption, informed and advised by the assignee that the same could not then be allowed to him, but that he must wait until after the sale of die property, and until such time as the court should make an order directing its payment, and then it would be paid to him. His right to the exemption being clear, and the same not having been waived or abandoned *322 and demand therefore having been seasonably made by the assignor, it became and was the duty of the assignee to have the same appraised, set off and allowed to him before sale. Having failed in this it would indeed be a harsh rule, and one wholly inconsistent with the spirit and humane purpose of our exemption laws, that would under such circumstances deny to the assignor the right to claim and have such exemption out of the proceeds of sale, upon his formal demand made therefor while said proceeds are yet in the hands of the assignee undistributed. The rule requiring selection by the claimant of the exempt property, must have a reasonable interpretation, and where one entitled to his exemption seasonably demands the same of the officer or person whose duty it is to have such exemption set off and allowed to him, and the officer or person charged with this duty, either purposely, or through mistake and unintentionally, by his conduct, or by statements anck representations made to the claimant, so deceives or misleads the claimant that the latter is thereby reasonably induced to forego his right to make selection of the specific property to which he is by law entitled, actual selection, under such circumstances, is waived or excused, and the want of it can not be held to be an abandonment or forfeiture of the claimant’s right. We are of opinion, therefore, that in the present case, upon' the undisputed facts, Fred. Kraus, the assignor, was entitled to receive and hold exempt out of the proceeds of the sale of the assigned property five hundred dollars in lieu of a homestead. This sum having been paid to him, as and for such ex *323 emption, by D. V. Green, assignee, the latter was entitled to have credit in his account for the amount so paid, and the exception to this item of the account should have been overruled and such credit allowed.

Judgment reversed.

Summers, Spear, Davis, Shaucic and Price, J'J., concur. ,